## Annie Dell et al., Defendants in Error, v. Ernest L. J. Brogren et al., Plaintiffs in Error.

### Gen. No. 20,577.   (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed May 11, 1915. Rehearing denied May 25, 1915.

### Statement of the Case.

Bill by Annie Dell, complainant, against Ernest L. J. Brogren, J. A. Ferguson and S. C. Ferguson, defendants, to quiet title to certain property purchased by complainant from Charles R. Wakeley.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

To reverse a judgment for complainant, defendants prosecute this writ of error.

The defendants were served with summons and appeared. Defendant Brogren answered the bill on June 28, 1910. The two Fergusons demurred to the bill. Defendant Brogren filed a cross-bill against Dell and the two Fergusons and Charles R. Wakeley. Wakeley answered the cross-bill.

On March 13, 1911, the demurrers of the Fergusons to the bill were sustained and complainant Dell was given ten days to amend. April 15, 1911, after the time to amend had passed, the solicitor for defendants Fergusons appeared in court and, without notice to opposing counsel, obtained an order dismissing the original bill as to themselves. Six days later an amendment to the bill was filed, the only purpose of which was to change the word "warranty" to "quitclaim" and bring into the bill copies of certain deeds as exhibits.

On November 23, 1911, the solicitors for complainant Dell gave notice of a motion to vacate the order dismissing the bill as to the Fergusons, to be heard when the cause should be reached for trial. The Fergusons were then in the case as defendants to the cross-bill of defendant Brogren, and remained in said case as such defendants until the final decree.

On the day on which the cause was reached for trial, as appears by the final decree, the cross-complainant below, defendant Brogren, failed to appear and the cause was heard and the decree of June 25, 1912, was entered.

Subsequently, on July 1, 1912, defendant Brogren, and the Fergusons as defendants to the cross-bill, moved to vacate the decree. This motion was denied on July 6th. Later the court granted leave to the same parties to file a motion for rehearing and to vacate the decree. This motion was also denied.

Assignments of error Nos. 1, 2, 12 and 15 seek to

Dell v. Brogren, 192 Ill. App. 581.

raise the question as to the jurisdiction of the Honorable Jesse A. Baldwin, one of the judges of the Circuit Court, to hear and determine the cause, growing out of what is alleged to be the fact in the briefs that the cause was regularly on the trial calendar of Honorable Kickham Scanlan, who was regularly assigned to hear chancery cases in the Circuit Court, and that without any order or proceeding entered of record, the cause was put upon a trial calendar to be heard and determined by his Honor, Judge Baldwin. In support of the position that Judge Baldwin had no right to hear and decide the cause and enter the decree in question, the rules of the Circuit Court of Cook county were cited.

It was also urged that the trial court acted without jurisdiction of the defendants as to whom the original bill had been dismissed.

WELDON WEBSTER, for plaintiffs in error.

LOUIS J. PIERSON, for defendants in error.

MR. JUSTICE SMITH delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 863*—*when certificate of evidence insufficient.* A certificate of evidence which contains no affidavits or proof of any kind but merely a recitation of some proceedings in the lower court, a list of cases in which contested motions were to be heard and a recitation of certain contested motions involved in the appealed case is insufficient.

2. APPEAL AND ERROR, § 1034*—*when judicial notice not taken of Circuit Court rules in Appellate Court.* On appeal to the Appellate Court, judicial notice cannot be taken of rules of the Circuit Court referred to in argument in support of assignments of error where such rules are not contained in the record.

3. EQUITY, § 360*—*when dismissal of original bill does not oust jurisdiction.* The fact that the original bill is dismissed at

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the instance of certain defendants does not deprive the court of jurisdiction of such defendants where they are still in court as defendants to a cross-bill filed by another defendant.

4.   EQUITY, § 479*—*when decree not in excess of relief sought.* Evidence examined and *held* that the decree sought to be reversed was not in excess of the relief sought.

5.   APPEAL AND ERROR, § 726*—*when reversal not allowed on facts not appearing in record.*   A decree will not be reversed on facts alleged as ground therefor but not shown by the record where the contrary of such alleged facts appears on the face of the decree.

6.   APPEAL AND ERROR, § 365*—*when ground for reversal not properly preserved.*   Where, on a writ of error, the claim that the cause was forced to trial in the lower court out of its order is not properly preserved for review, it is not a ground for reversal.

7.   APPEAL AND ERROR, § 760*—*when facts in affidavits not a part of record not considered.*   Facts contained in affidavits which were not made a part of the record by the certificate of evidence cannot be considered.